# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROCCO AMERICO MALANGA,<br><br>Defendant. | Criminal Action No. 22-cr-00438 (JXN)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se*[1] Defendant Rocco Americo Malanga's ("Malanga" or "Defendant") motion to modify his sentence. (ECF No. 60.) The Government opposed the motion. (ECF No. 68), and Malanga replied in further support (ECF No. 69). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth below, Malanga's motion to modify his sentence will be **DENIED**.

## I.    BACKGROUND

On June 28, 2022, Malanga entered a guilty plea before this Court to a two-count Information charging him with Bank Fraud in violation of 18 U.S.C. § 1344(2) (Count One), and Money Laundering in violation of 18 U.S.C. § 1957 (Count Two) in connection with his application for loans through the Paycheck Protection Program ("PPP"). (*See* ECF Nos. 23, 28.) On March 22, 2023, this Court sentenced Malanga to thirty-six (36) months of imprisonment on

---

[1] Defendant was represented by counsel in this matter during his guilty plea, sentencing, and appeal. (*See* ECF Nos. 28, 43, 47; *United States v. Malanga*, No. 23-1602, 2024 WL 4024036 (3d Cir. Sept. 3, 2024), *cert. denied,* 145 S. Ct. 2692, 221 L. Ed. 2d 960 (2025), *reh'g denied,* 146 S. Ct. 64, 222 L. Ed. 2d 1189 (2025).

each Count, to be served concurrently; and ordered payment of a special assessment ($200.00) and restitution ($1,816,186.00). (ECF No. 43.) Malanga filed a notice of appeal on April 3, 2023, to contest, among other issues, the Court's loss calculation and in failing to properly consider certain factors under § 3553(a). *United States v. Malanga*, No. 23-1602, 2024 WL 4024036, at *1 (3d Cir. Sept. 3, 2024), *cert. denied*, 145 S. Ct. 2692, 221 L. Ed. 2d 960 (2025), *reh'g denied*, 146 S. Ct. 64, 222 L. Ed. 2d 1189 (2025).

On June 20, 2023, Malanga filed a motion requesting that he be allowed to remain out on bail pending appeal, and for a stay in execution of his sentence. (ECF No. 52.) The Court granted Malanga's motion on June 29, 2023. (ECF No. 55.)

On September 3, 2024, the United States Court of Appeals for the Third Circuit denied Malanga's appeal and affirmed the Court's March 22, 2023, judgment of sentence. *See Malanga*, 2024 WL 4024036, at *3. Malanga filed a petition for a writ of certiorari with the United States Supreme Court seeking review of the Third Circuit's decision. Malanga's petition for a writ of certiorari and his subsequent petition for rehearing were denied on May 5, 2025, and August 18, 2025, respectively. *See Malanga v. United States*, 145 S. Ct. 2692, reh'g denied, 146 S. Ct. 64 (2025).

On March 20, 2025, Malanga filed the instant motion to modify his sentence. (ECF No. 60.) The Government opposed the motion (ECF No. 68), and Malanga replied in further support (ECF No. 69). This matter is now ripe for the Court's consideration.

## II.  LEGAL STANDARD

Once a federally imposed sentence commences, a district court has limited authority to modify that sentence. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). There are very few statutory provisions that allow modification, correction, or appeal of a sentence already imposed

by the Court. *Id.* at 824. Almost all are referenced and/or codified in 18 U.S.C. § 3582(b) and (c), which provide in pertinent part:

> **(b) Effect of finality of judgment.** Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> > (1) modified pursuant to the provisions of subsection (c);
> >
> > (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> >
> > (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582(b).

Further, § 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed" until certain parameters are met. *See* 18 U.S.C. § 3582(c)(1)(A). Specifically, before an incarcerated defendant can bring a motion for a reduced sentence on their own behalf directly with the district court, they "must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (discussing the exhaustion requirement).

Once Section 3582(c)(1)(A)'s exhaustion requirements are met, a court may reduce an inmate's sentence if it finds that there are "extraordinary and compelling reasons" that warrant a reduction; and it considers the sentencing factors set forth in § 3553(a), as applicable. *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).

## III.   DISCUSSION

In his motion, Malanga requests that the Court modify his 36-month sentence to time served or a non-custodial alternative by "invok[ing] the Court's pre-surrender jurisdiction" and "equitable discretion under 18 U.S.C. § 3553(a)" to *sua sponte* apply 18 U.S.C. § 3553(a) factors

to his wife's medical condition and modify his sentence. (Def.'s Mot. at *8,[2] ECF No. 60; Def.'s Reply at *11, ECF No. 69.)

The Government, on the other hand, argues, *inter alia*, that: (1) there is no statutory authority allowing the Court to grant Malanga's request, (2) there is no common law precedent that provides the Court with inherent equitable power to modify Malanga's sentence outside statutory authority; and (3) that the appropriate remedy in this case is for Malanga to surrender to the custody of the BOP and once in the custody of the BOP, Malanga can refile his motion pursuant to the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(1). (Pl.'s Opp'n at 3, ECF No. 68.) The Court agrees.

### A. Malanga is Ineligible for a Sentence Modification Under 18 U.S.C. § 3582

First, the Court notes that Malanga does not qualify for a modification under § 3582(b). Specifically, he does not qualify under § 3582(c)(1)(A) or (B) because he has not yet begun serving his sentence in the custody of the BOP and has therefore not exhausted his administrative remedies with the BOP, as required. *United States v. Picardo*, Crim. No. 19-401, 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020) (citing *United States v. Konny*, 463 F. Supp. 3d 402, 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020) (denying the motion filed by a defendant who had not yet surrendered to BOP custody at FCI Fort Dix, reasoning that "by its plain terms, [Section 3582(c)(1)(A)] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility"); accord *United States v. Spruill*, Crim. No. 18-22, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (denying a motion for compassionate release pursuant to Section 3582(c)(1)(A) as premature because the defendant filed his motion before reporting to the BOP to begin his custodial sentence). The Court in *Pichardo* found that "legislative history indicates that the addition of the parenthetical

---

[2] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

authorizing probation or supervised release provides supplemental authority when a court reduces an imprisonment term, not the power to resentence." *Picardo*, 2020 WL 6501730, at *2 (finding that defendants request to serve his sentence under probation or as home confinement is "essentially a request for a new sentence and thus exceeds the limited relief available under Section 3582(c)(1)(A)") (internal citations omitted).

Second, Malanga does not qualify for a modification of his sentence under any other statute or Federal Rules of Criminal Procedure 35. (Pl.'s Opp'n at 5.) Rule 35 allows for a modification of a sentence within 14 days of sentencing and only under two circumstances: (1) to correct an arithmetical, technical, or other clear error, or (2) on motion from the Government where a defendant has provided substantial assistance to the Government. *See* Fed. R. Crim. P. 35. Malanga does not qualify for a modification under Rule 35 because his motion was not filed within 14 days of his sentencing, there is no claim of clear error by the Court, and the Government is not seeking modification based on substantial assistance provided by Malanga.

Finally, Malanga has not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),[3] and Malanga's motion is not an appeal and, thus, does not qualify for relief under § 3582(b) and the provisions of § 3742.

Accordingly, the Court finds that Malanga does not meet any of the exceptions prescribed by 18 U.S.C. § 3582(c) and therefore does not qualify for a modification under § 3582(b).

## B. The Cases Cited by Malanga Do Not Support His Request for Relief

---

[3] Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Next, the Court notes that in his motion and subsequent letter to the Court, Malanga acknowledges that he is not relying on any statutory authority to seek modification of his sentence. (*See* Def.'s Mot. at *7-8; Def.'s Letter, ECF No. 66.) Instead, Malanga relies on cases purportedly holding that, even without statutory authority, the Court has inherent equitable authority to modify his sentence. (*See* Def.'s Mot. at *10-13; Def.'s Reply at *9-12.) However, the cases cited by Malanga do not establish this Court's equitable power to modify his sentence at this juncture. Malanga cites *United States v. Ross*, 801 F.3d 374 (3d Cir. 2015), which, contrary to Malanga's contention, does not discuss pre-surrender jurisdiction. (Def.'s Reply at *10-11, 19, 25.) *Ross* involved the Third Circuit's review of a district court's refusal to consider a 28 U.S.C. § 2255 motion filed by a defendant who had not yet surrendered to the BOP on a sentence of incarceration. *Ross,* 801 F.3d at 375. The Third Circuit affirmed the district court's refusal, holding that the defendant was not in the custody of the BOP as required under § 2255. *Id*. at 383. Thus, contrary to Malanga's contention, the Third Circuit's opinion in *Ross* does not address or mention the Court's equitable authority to reduce a sentence outside statutory authority.

Malanga relies on *United States v. Tomko*, 562 F.3d 558, 562 (3d Cir. 2009), to argue that the Court has discretion to consider family hardship. (Def.'s Reply at *11.) However, unlike this case, *Tomko* involved the Government's appeal of the reasonableness of a defendant's below-Guidelines sentence and the court's consideration of § 3553(a) factors when imposing the sentence; it did not involve a sentence modification. *Tomko*, 562 F.3d at 558, 560.

Malanga also cites *United States v. Lacy*, Crim. No. 15-30038, 2020 WL 2093363 (C.D. Ill. May 1, 2020). (Def.'s Reply at *11.) In *Lacy*, the district court considered health-related issues during the COVID-19 pandemic and waived the 30-day requirement set forth in § 3582(c)(1)(A), finding that the exhaustion requirement may be waived on a case-by-case basis. *Lacy*, 2020 WL

2093363, at *5. However, *Lacy* is distinguishable because it involved a motion for Compassionate Release filed by an incarcerated defendant seeking a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id*. at *1.

Similarly, the Court finds Malanga's reliance on *United States v. Gaskill*, 991 F.2d 82 (3d Cir. 1993), and *United States v. Monaco*, 23 F.3d 793 (3d Cir. 1994), misplaced. (Def.'s Mot. at *11; Def.'s Reply at *12.) Both *Gaskill* and *Monaco* concern the district court's power to make a downward departure from the sentencing guidelines when the circumstances so require, but neither addresses post-sentencing modifications. *See Monaco*, 23 F.3d at 803; *Gaskill*, 991 F.2d at 86. Ultimately, the Court finds that the cases cited by Malanga do not authorize the Court to modify an existing sentence before a defendant begins serving it. In fact, the overwhelming weight of authority in this district holds that Malanga must begin serving his sentence before a court may rule on his motion. *See Picardo*, 2020 WL 6501730, at *2; *United States v. Ahmad*, Crim. No. 19-493, 2021 WL 1300288, at *1-2 (D.N.J. Apr. 7, 2021); and *United States v. Desu*, Crim. No. 18-613, 2021 WL 2012235, at *3 (D.N.J. Apr. 30, 2021).

Further, the Court is sympathetic to the issues Malanga raises regarding his wife's medical condition and his concerns about her treatment and care needs upon his reporting to the BOP facility. (Def.'s Mot. at *10-12.) The Court notes however that Malanga must satisfy the "procedural prerequisites for judicial review," and thus, at this stage, the Court will not proceed to an analysis of whether "compelling and extraordinary reasons exist to justify compassionate release."" *United States v. Verasawmi*, No. 17-254, 2021 WL 2549303, at *8 (D.N.J. June 22, 2021). In addition, the Court commends Malanga's post-sentencing efforts to engage positively with his community, care for his family, and take accountability for his actions. (Def.'s Reply at *13-19.) However laudable, these actions do not provide a legal basis to modify Malanga's

sentence, as Section 3582 permits such relief only under specific statutory circumstances, none of which are present here. Accordingly, Malanga's motion for sentence modification is hereby denied.

## IV.   **CONCLUSION**

For the foregoing reasons, Malanga's motion for sentence modification (ECF No. 60) is **DENIED** *without prejudice*. Malanga may renew his motion, in accordance with the requirements set forth in 18 U.S.C. § 3582(c)(1), once he is in custody to begin serving his sentence. An appropriate Order accompanies this Opinion.

**DATED:**   **5/6/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**